Richard A. Weiss, Director Arkansas Department of Finance and Administration 1509 W. 7th Street, Suite 401 Little Rock, AR 72203-3278
Dear Director Weiss:
I am writing in response to your request for my expedited opinion on various questions arising from the following reported facts:
 On September 12, 2001, the Economic Development of Arkansas Fund Commission awarded Chicot County a grant in the amount of nine hundred seventy-one thousand four hundred and eighty dollars ($971,480.00). The purpose of the grant was to provide "engineering services, site development and infrastructure improvements which will set the stage for building a new state of the art catfish processing facility to be located in the County's industrial park." The application indicated that Farm Fresh Catfish Company was considering locating a processing facility in the Chicot County Industrial Park. The grant application also states: ["]Chicot County is submitting this proposal in an effort to locate a new state of the art catfish processing plant in the County's Industrial Park. (See Attachment 1)["]
 A Legislative Audit has indicated that grant funds were not spent to provide for "new site" and plant development. The funds were used by Arkansas Catfish Growers d/b/a SEACAT to refit, upgrade and re-open the Lake Village Catfish Processing facility. SEACAT also used the funds in the acquisition of the Eudora facility for two hundred and fifty thousand dollars ($250,000.00). SEACAT contends these expenditures were consistent with the purpose of the grant.
 In the alternative, SEACAT is requesting a modification of the grant. Act 1681 of 2001 abolished the Economic Development of Arkansas Fund Commission transferring any balance in the fund as of January 1, 2002 to the General Improvement Fund.
These circumstances have prompted you to pose the following questions:
 1. Does the Director of the Department of Finance and Administration have the authority to modify the scope of a grant awarded by the Commission?
 2. If so, would that authority allow for a retroactive amendment to the purpose of a grant when the funds have been spent?
 3. If a scope of a grant previously awarded by the Commission can be modified, what procedure should Chicot County follow based on the reasoning of Opinion No. 2001-392?
 4. If the DFA Director does not have the authority, does any agency have the authority?
RESPONSE
In my opinion, the answer to your first question is "no," rendering your second and third questions moot. I believe the answer to your fourth question is likewise "no."
Before addressing your specific questions, I should note my inability to address the purely factual question of whether the county's use of the grant proceeds was consistent with the terms of the grant. You have not provided me any of the grant documents, and it is unclear from your factual recitation whether the grant was absolutely restricted to "`new site' and plant development" exclusively in the Chicot County Industrial Park. Only a finder of fact could determine whether the use of grant funds in this instance accorded with the purposes recited in the grant. Needless to say, if the spending was authorized — a possibility I will acknowledge but which I cannot test — the question of who, if anyone, might modify the terms of the grant would be moot.
Question 1: Does the Director of the Department of Finance andAdministration have the authority to modify the scope of a grant awardedby the Commission?
In my opinion, the answer to this question is "no."
Former A.C.A. § 19-6-472, which was repealed by Act 1681 of 2001, provides:
 The Economic Development of Arkansas Fund shall consist of those special revenues as specified in subdivision (171) of § 19-6-201, there to be used for the purpose of economic development of Arkansas as managed and distributed by the Economic Development of Arkansas Fund Commission, as set out in § 26-59-122.
Section I.14 of the "Economic Development of Arkansas Fund Commission Regulations Establishing the Procedure for Providing Financial Assistance to Further the Economic Development of Arkansas and to Extend Natural Gas to Areas of the State Not Presently Served" provides as follows:
Return of Funds to Commission
 Financial assistance funds made available to an applicant by the Commission shall be utilized and expended by the applicant solely and exclusively for the payment of authorized and allowable costs and expenses of the Project for which assistance was approved. Any remaining funds shall be promptly returned to the Commission.
 In the event funds furnished to an applicant by the Commission are not utilized and expended by the applicant for the specific project for which such funds were furnished within a reasonable period of time after disbursement to the applicant, or in the event the Commission determines, at any time, that the funds furnished were utilized and expended for any unauthorized purpose, the applicant shall upon demand return or otherwise pay or reimburse to the Disbursing Officer any and all such unused funds or any amount of funds used and expended for unauthorized purposes.
This portion of the Regulations prohibits use of grant funds for purposes other than for the approved project.
Subsection I.2(a) of the Regulations designates the Department of Finance and Administration ("DFA") as the "Administering Agency" of grants issued by the Commission. Subsection I.2(e) designates the Director of DFA as the "Disbursing Officer" of grants distributed from the Economic Development of Arkansas Fund.
Section I.3 of the Regulations provides that the Commission will have the ultimate authority to approve applications for financial assistance. Subsections I.2(k) and I.7 provide that the Arkansas Department of Economic Development shall comprise a Reviewing Agency to consider applications and, if it chooses to do so, make recommendations to the Commission. However, subsection I.7(c) provides that the Commission may act on its own initiative even if the Reviewing Agency fails to make any recommendation.
Conspicuously absent in either the Regulations or the Code is any suggestion that the Director of DFA plays any role in the grant-issuing process other than the purely ministerial one of Disbursing Officer. The Code is silent on the question of who, if anyone, might modify the terms of a Commission grant in the event the Commission is abolished. Given this silence, I believe the Director of DFA lacks the authority to modify the scope of a Commission grant.
Question 2: If so, would that authority allow for a retroactive amendmentto the purpose of a grant when the funds have been spent?
In light of my response to your previous question, this question is moot.
Question 3: If a scope of a grant previously awarded by the Commissioncan be modified, what procedure should Chicot County follow based on thereasoning of Opinion No. 2001-392?
In light of my response to your first question, this question is likewise moot. As one of my predecessors noted in the referenced Ark. Op. Att'y Gen. No. 2001-392, any modification of the uses to which grant proceeds might be put should be preceded by a formal application submitted to the Reviewing Agency for consideration by the Commission. Given that the Commission has been abolished, this exclusive avenue for changing a designated use is unavailable.
Question 4: If the DFA Director does not have the authority, does anyagency have the authority?
Nothing in the current Code or Regulations authorizes any entity other than the Commission itself to approve a nonconforming use of grant revenues. However, I am unaware of any principle of law that would preclude the legislature, perhaps in the upcoming special session, from authorizing the Director or some other entity to ratify such a nonconforming use.
Assistant Attorney General Jack Druff prepared the foregoing, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:JD/cyh